IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CAUSE NO.: 3:10CR163-SA

ANGELA BRYSON MILLER  DEFENDANT

ORDER ON MOTION TO SUPPRESS

Defendant Angela Bryson Miller has filed a Motion to Suppress [89] the week prior to trial seeking to exclude the weapons found at her house pursuant to a search warrant issued. Defendant asserts the search warrant was overbroad and without a particular nexus to the affidavit. Moreover, Defendant contends that there was no probable cause for the magistrate judge to authorize the seizure of weapons involved in the alleged offense.

The search and seizure warrant at issue here was signed by a federal magistrate judge on application and affidavit of Reginald Johnson, a Special Agent with the United States Secret Service. Johnson applied for the search and seizure warrant based on confidential informant information and subsequent surveillance. The original investigation centered around Angela Bryson Miller's alleged involvement in unlawful counterfeit (CFT) monetary instruments. Johnson explained his extensive history investigating such crimes and that based on his "own training, experience and participation in CFT investigations[,] information known to [him][,] and information provided . . . by other law enforcement officers," "[i]ndividuals involved in [counterfeit] monetary instruments trafficking often own, possess and/or use weapons as a means of facilitating the illegal activities." Moreover, "[s]uch weapons are most often secreted in their residences, vehicles, . . . in their business locations, or in the places of operation of their distribution activities, such as stash houses, safe houses, or storage areas." Special Agent Johnson included as an attachment a "Description of Items to be Searched For," which included "[w]eapons, handguns, and ammunition." The Government argues

that the application and affidavit did establish probable cause that evidence of manufacturing of counterfeit check and financial instruments would be found at Miller's residence. Thus, the officers acted in good faith reliance on a facially valid warrant. United States v. Leon, 468 U.S. 897, 918-19, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984).

*Discussion and Analysis*

"The burden is on the movant to make specific factual allegations of illegality, to produce evidence, and to persuade the court that the evidence should be suppressed." United States v. Evans, 572 F.2d 455, 486 (5th Cir.), cert. denied, 439 U.S. 870, 99 S. Ct. 200, 58 L. Ed. 2d 182 (1978); see also United States v. De La Fuente, 548 F.2d 528, 533 (5th Cir.), cert. denied, 431 U.S. 932, 97 S. Ct. 2640, 53 L. Ed. 2d 249 and 434 U.S. 954, 98 S. Ct. 479, 54 L. Ed. 2d 312 (1977).

The Fourth Amendment requires a warrant to "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. CONST. AMEND. IV. The Fourth Amendment's particularity requirement demands that the place to be searched and the items to be seized be described with sufficient particularity so as to leave "nothing . . . to the discretion of the officer executing the warrant." Marron v. United States, 275 U.S. 192, 196, 48 S. Ct. 74, 72 L. Ed. 231 (1927); Williams v. Kunze, 806 F.2d 594, 598 (5th Cir. 1986) ("The items to be seized must be described with sufficient particularity such that the executing officer is left with no discretion to decide what may be seized."). See also United States v. Christine, 687 F.2d 749, 752 (3d Cir. 1982) ("The particularity requirement 'makes general searches . . . impossible.'")(quoting Marron, 275 U.S. at 196, 48 S. Ct. 74).

The exclusionary rule requires a court to suppress evidence which was gained in violation of the Fourth Amendment. The Supreme Court has clarified the purpose of the Fourth Amendment

protections as follows:

> The Warrant Clause of the Fourth Amendment categorically prohibits the issuance of any warrant except one "particularly describing the place to be searched and the persons or things to be seized." The manifest purpose of this particularity requirement was to prevent general searches. By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement insures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit. Thus, the scope of a lawful search is "defined by the object of the search and the places in which there is probable cause to believe that it may be found. . . ."

Maryland v. Garrison, 480 U.S. 79, 107 S. Ct. 1013, 94 L. Ed. 2d 72 (1987).

The "uniformly applied rule is that a search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional." Groh v. Ramirez, 540 U.S. 551, 559, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004) (quoting Massachusetts v. Sheppard, 468 U.S. 981, 988 n.5, 104 S. Ct. 3424, 82 L. Ed. 2d 737 (1984)).

The Government asserts that even if probable cause is not established, the search is constitutional pursuant to the good faith exception. Indeed, before the evidence must be suppressed, the court is to conduct a two-part inquiry to determine whether a seizure conducted pursuant to a search warrant violates the Fourth Amendment. United States v. Cherna, 184 F.3d 403, 407 (1999).

First, the court asks whether the seizure falls within the good-faith exception to the exclusionary rule. United States v. Leon, 468 U.S. at 920-21, 104 S. Ct. 3405; Cherna, 184 F.3d at 407. The good-faith inquiry is confined "to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Leon, 468 U.S. at 923 n.23, 104 S. Ct. 3405. Thus, under the good-faith exception, if the evidence was obtained by law enforcement officers who relied on the warrant in objectively reasonable good-faith, then the evidence obtained during the search is admissible. United States v.

3

Davis, 226 F.3d 346, 351 (5th Cir. 2000) (citing United States v. Shugart, 117 F.3d 838, 843 (5th Cir. 1997)). This is true even if the evidence in the affidavit on which the warrant was based was not sufficient to establish probable cause. Id. If the good-faith exception applies, the district court denies the motion to suppress. Id. If the good-faith exception does not apply, then this court goes to the second step and determines whether the magistrate judge issuing the warrant had a "substantial basis for believing there was probable cause for the search." Id. (citing Cherna, 184 F.3d at 407).

Agent Johnson's affidavit was based on his professional experience and training with counterfeit instruments, along with confidential information and surveillance. Based on the Affidavit, Search Warrant, and Description of Items to be Seized, the federal magistrate judge had sufficient probable cause to believe that Miller was engaged in counterfeit instrument violations and that weapons relevant to that crime would be present at her residence. See United States v. Froman, 355 F.3d 882, 889 (5th Cir. 2004) (the task of a magistrate judge signing a search warrant is simply to make a "practical common-sense decision as to whether, given all the circumstances set forth in the affidavit . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular place."). However, even if probable cause was not sufficiently established by the search warrant and its attachments, the Court finds that the good faith exception established in United States v. Leon is applicable. There is no basis for the Court to find that the officers who recovered the guns from Defendant Miller's residence did not rely on the warrant in objectively reasonable good faith. On its face, the warrant appears to be valid, a federal magistrate judge authorized the search, including the search and seizure of "[w]eapons, handguns, and ammunition;" therefore, there is no objectively reasonable good faith reason for those officers not to rely on the warrant.

Accordingly, because the Court finds there to be probable cause to support the search warrant, and even if there is no probable cause, the Court finds there to be a good faith exception to suppress the fruits of the search, the Motion to Suppress [89] is DENIED.

SO ORDERED, this the 17th day of August, 2011.

                                                **/s/ Sharion Aycock**
                                                **U.S. DISTRICT COURT**