IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANGELA BRYSON MILLER,                                                              MOVANT

v.                                                                                       No. 3:10cr163-SA

UNITED STATES OF AMERICA,                                                    RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Angela Bryson Miller, a federal prisoner, is proceeding *pro se* on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] The Government has submitted a response to the motion. This matter is ripe for review. Having considered the pleadings and the record, including the relevant parts of Miller's underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[2], and that the motion should be denied.

**Background Facts and Procedural History**

On November 17, 2010, the grand jury indicted Miller on four charges: (1) armed bank robbery and aiding and abetting the armed bank robbery of Slayden Bank (Count One); (2)

---

[1] The Court notes that Miller's daughter and co-defendant, Starlet Kizer, has filed an almost identical motion with the Court.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain her claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

1

brandishing firearms and aiding and abetting the brandishing of firearms in relation to the robbery of Slayden Bank pursuant to 18 U.S.C. § 924(c) (Count Two); (3) armed bank robbery and aiding and abetting the armed bank robbery of Citizen's Bank (Count Three); and (4) brandishing firearms and aiding and abetting the brandishing of firearms in relation to the robbery of Citizen's Bank pursuant to 18 U.S.C. § 924(c) (Count Four). (ECF No. 1). The government moved for detention of Miller, which the Court granted after a detention hearing. Miller requested discovery and filed several pre-trial motions, including a motion to suppress evidence seized during the search of Miller's residence. The Court held a suppression hearing and denied the motion to suppress.

After a jury trial, Miller was convicted of two counts of aiding and abetting the brandishing of firearms in furtherance of armed bank robberies (Counts Two and Four). Miller was acquitted on both armed bank robbery charges. Miller filed a motion for judgment of acquittal notwithstanding the verdict, and the government responded in opposition to the motion. The Court denied the motion. On June 28, 2012, the Court sentenced Miller to 384 months in prison. The judgment was entered on July 18, 2012.

Immediately after sentencing, but prior to the entry of the judgment, Miller filed a motion seeking to vacate her conviction. Miller also filed a notice of appeal of her conviction, claiming, as is relevant here, that the Court erred in denying her motion to suppress the firearms that were sized from her home, and that the court erred in failing to grant her motion for judgment of acquittal because her acquittal on the armed robbery offenses precludes her convictions under 18 U.S.C. § 924(c). On February 12, 2014, the Fifth Circuit affirmed this Court's judgment. (*See* ECF No. 191; *see also United States v. Kizer*, No. 12-60575, 554 F. App'x 311 (5th Cir. Feb. 12,

2

2014)).

In this motion, Miller argues that (1) the Court erroneously denied her motion to suppress evidence derived from a search warrant of her Memphis, Tennessee, residence; (2) defense counsel rendered ineffective assistance of counsel; and (3) the Court erred in allowing her to be convicted of the counts under 18 U.S.C. § 924(c) based on double jeopardy grounds.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Collateral attack limits a movant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

To make a substantial showing of the denial of her Sixth Amendment right to the reasonably effective assistance of counsel, a movant must satisfy the standard set forth in

*Strickland v. Washington*, 466 U.S. 668 (1984), which requires her to demonstrate "that counsel's performance was deficient," and that "the deficient performance prejudiced [her] defense." *Strickland*, 466 U.S. at 687. To establish deficient performance, the movant "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. The court's scrutiny of counsel's performance must be "highly deferential." *Id*. at 689.

To prove prejudice, the movant must demonstrate that the result of the proceedings would have been different if counsel had performed effectively. *Id*. at 694. The prejudice inquiry does not merely require that the movant raise the "possibility of a different outcome," but rather, it requires the movant to "demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**Discussion**

1. Procedurally Barred Claims

Miller's claims regarding double jeopardy and the search of her Memphis, Tennessee, home were addressed and rejected on direct appeal. Therefore, Miller is procedurally barred from raising these issues on collateral review. *United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997); *see also United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980) ("The court is not required on section 2255 motions to reconsider claims of error raised and disposed of on direct appeal.").

2. Ineffective Assistance of Counsel

Miller argues that trial counsel failed to file proper motions and misled her to believe that the charges against her could be dismissed. She also alleges that she was never provided any discovery showing what the evidence was against her.

Miller makes no showing of how counsel's allegedly deficient performance prejudiced her. The Court notes that counsel filed numerous motions and presented reasoned arguments in Miller's defense. Counsel also preserved alleged errors for appeal. The Court finds that Miller's counsel provided competent representation, and it determines that there is no merit to Miller's claim.

## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Miller has not made such a showing, and a COA will not issue in this case.

## Conclusion

Miller is not entitled to relief under 28 U.S.C. § 2255, and her motion to vacate, set aside, or correct sentence [154] is **DENIED**. A certificate of appealability from this decision is **DENIED**. The Court will enter final judgment by separate order.

**SO ORDERED**, **THIS** the 29th day of July, 2014.

                                                /s/ Sharion Aycock  
                                                **U.S. DISTRICT JUDGE**