IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANGELA BRYSON MILLER                                                                   MOVANT

V.                                                                             NO. 3:10CR163-SA

UNITED STATES OF AMERICA                                              RESPONDENT

## ORDER TRANSFERRING CASE TO THE
## FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the Court, *sua sponte*, for consideration of the transfer of this cause. Angela Bryson Miller has submitted a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, maintaining that her court appointed counsel failed to file a petition for certiorari as instructed following the rejection of Miller's appeal.

By way of history, the Court notes that following a jury trial, Miller was convicted of two counts of aiding and abetting the brandishing of firearms in furtherance of armed bank robberies and was sentenced on June 28, 2012, to 284 months in prison. After sentencing but prior to the entry of the July 18, 2012, judgment, Miller filed a motion seeking to vacate her conviction. Miller also filed a notice of appeal of her conviction, and the Federal Public Defender was appointed as Miller's appellate counsel. Due to a conflict of interest with the Federal Public Defender, however, Attorney Christi R. McCoy was substituted as counsel for Miller in August 2012.

On February 12, 2014, the Fifth Circuit affirmed this Court's judgment. *United States v. Miller*, No. 12-60575, 554 F. App'x 311 (5th Cir. Feb. 12, 2014). Thereafter, on or about May 16, 2014, Miller filed a motion supplementing her § 2255 motion. This Court entered judgment

1

denying her § 2255 motion, as supplemented, on July 29, 2014.

Thereafter, in December 2014, Miller filed a motion asking the Fifth Circuit to recall the mandate/reinstate the judgment and have new counsel appointed, arguing that her appellate counsel failed to file a petition for writ of certiorari on Miller's behalf as requested. *See United States v. Miller*, No. 12-60575, Doc. No. 136. By Order entered May 8, 2015, the Fifth Circuit denied Miller's motion to recall the mandate and reinstate the judgment without prejudice "to her entitlement to raise a claim of ineffective assistance of counsel in a 28 U.S.C. § 2255 proceeding if she wishes to do so." *Id.*, Doc. No. 200.

Miller has since filed a § 2255 motion in this Court maintaining that Attorney McCoy sent Miller a letter advising her of her right to seek certiorari review while ignoring Miller's request that a petition for writ of certiorari be filed, in violation of the Criminal Justice Act's plan for attorney representation. Attached to her memorandum in support of her motion is a letter from McCoy advising Miller that her conviction had been affirmed and that she had "ninety (90) days to consider filing a *Writ of Certiorari* to the United States Supreme Court. I do not believe such a *writ* would be successful and I will not be filing one on your behalf." *See* Doc. No. 215, p. 6.[1] Miller maintains that she then instructed McCoy to proceed "to the next step" via email, but that McCoy, who had not been relieved of her representation of Miller, refused. *Id.*, p. 2.

As previously noted, Miller has already filed an unsuccessful § 2255 motion. The Antiterrorism and Effective Death Penalty Act requires that an applicant seeking to file a second or successive petition first be certified by a panel of the appropriate court of appeals. *See* 28

---

[1] The letter was presumably misdated, as it is dated October 4, 2013. ECF No. 215, p.6.

U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(A).  Not all second in time petitions are successive within the meaning of the statute, however.  Instead, a later petition is successive when it raises a claim that was or could have been raised in the earlier petition, or that "otherwise constitutes an abuse of the writ."  *See, e.g., United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

The Court determines that Miller now presents a claim that could have been presented in her earlier motion, which was not resolved until after this instant claim became ripe.  The Court notes that a petition for certiorari to the Supreme Court must be filed within ninety days following the entry of judgment.  *See* Sup. Ct. R. 13.1.  In this case, the time expired for Miller to seek certiorari review on or about May 13, 2014 (February 12, 2014 plus 90 days).  Miller's initial § 2255 motion was pending before this Court on May 13, 2014, and Miller supplemented that motion on or about May 16, 2014.  However, Miller did not attempt to supplement her initial § 2255 motion to include the claim now asserted, despite the fact that she was then aware of its existence.  This Court resolved Miller's first § 2255 motion approximately 167 days after the Fifth Circuit affirmed the judgment on direct appeal, and the claim that counsel failed to file a petition for writ of certiorari as requested was a claim that could have been included in her earlier motion.  Therefore, this action is successive.

The Court recognizes that the Fifth Circuit has advised Miller that she may seek review of her claim in a § 2255 motion, but the Fifth Circuit did not address whether such a motion would be successive under the facts presented.  This Court does not have jurisdiction to consider this motion until Miller obtains an order authorizing her to file a successive petition in this Court.  Rather than dismiss this action, however, the Fifth Circuit has allowed district courts to

3

transfer successive motions for consideration. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Therefore, in the interest of justice and judicial economy, it is hereby **ORDERED**:

    1)  That this action shall be transferred to the Fifth Circuit Court of Appeals for Miller to seek permission to file this successive § 2255 motion;

    2)  That the Clerk of Court is directed to transfer this motion and the entire record to the Fifth Circuit Court of Appeals; and

    3)  That this case is **CLOSED**.

**THIS** the 25th day of August, 2015.

                                               /s/ Sharion Aycock
                                              **U.S. DISTRICT JUDGE**