**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ANGELA BRYSON MILLER**                                                                                      **MOVANT**

**V.**                                        **NO. 3:10CR163-SA-SAA**

**UNITED STATES OF AMERICA**                                                   **RESPONDENT**

**ORDER**

Angela Bryson Miller, a federal prisoner proceeding *pro se*, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting a claim of ineffective assistance of appellate counsel based on appellate counsel's failure to file a petition for a writ of certiorari. Having reviewed the pleadings and the record in this cause, the Court finds that a resolution of Miller's claim requires further proof.

**Relevant Procedural History**

Angela Miller was convicted in this Court of two counts of aiding and abetting the use of firearms in furtherance of armed bank robberies and was sentenced by judgment entered on July 18, 2012, to serve 384 months in the custody of the Bureau of Prisons. Miller appealed the conviction with the assistance of appellate counsel Christi R. McCoy, and the judgment was affirmed in February 2014. *See* ECF No. 191; *see also United States v. Miller*, 554 F. App'x 311 (5th Cir. Feb. 12, 2014).

Throughout the post-conviction period of this case leading up to the instant motion, Miller filed various unsuccessful motions seeking to vacate her conviction and/or secure a new trial. *See* ECF Nos. 154, 183, 201, 205. On or about August 17, 2015, Miller filed the instant motion, asserting that her appellate counsel failed to file a petition for a writ of certiorari with the

Supreme Court even though one was requested. ECF Nos. 214 and 215. This Court transferred the motion to the Fifth Circuit as successive. ECF No. 216. Subsequently, the Court of Appeals granted authorization for Miller to file this successive § 2255 motion to vacate, and this Court ordered the Government to respond to Miller's allegations. ECF Nos. 219 and 220. The Government has since responded to the motion, and Miller has filed a reply thereto.

**Discussion**

The basis of Miller's § 2255 motion is that her court-appointed appellate counsel, Christi McCoy, failed to file a petition for a writ of certiorari to the United States Supreme Court as requested by Miller. Miller claims both that McCoy "advised [Miller] of her rights to appeal to the Supreme Court but failed to proceed as instructed," and that "counsel failed to comply with the 5th [C]ircuit Criminal Justice Act (CJA) requirement that counsel notify the defendant of the right to seek Certiorari review in the United States District Courts." ECF No. 215 at 2. Despite these contradictory assertions, Miller has attached to her filings a letter from McCoy instructing Miller that her conviction has been affirmed, and that she has ninety days within which to seek certiorari review with the United States Supreme Court.[1] ECF No. 215 at 6. The letter also advises Miller that McCoy will not be filing a writ on her behalf, as McCoy does not believe such a petition would be successful. *Id*.

McCoy's letter notwithstanding, Miller maintains that she communicated through email her desire to have McCoy file a petition for writ of certiorari with the United States Supreme Court, and that McCoy failed to abide by her wishes. She also maintains that McCoy did not move to be relieved from representation, and therefore, she rendered ineffective assistance in

---

[1] The letter, dated October 4, 2013, is presumably misdated. ECF No. 215 at 6.

failing to follow her client's wishes.

The Fifth Circuit's Plan for Representation on Appeal Under the Criminal Justice Act (CJA Plan) provides:

> Promptly after the court of appeals' decision issues, appointed counsel must advise the client in writing of the right to seek further review by filing a petition for writ of certiorari with the United States Supreme Court. If the client asks in writing that counsel file a petition, counsel must do so in a timely manner. If counsel believes filing a petition would be futile, he or she may move the court of appeals to be relieved of the obligation. The court of appeals also may act sua sponte to relieve counsel of any further representation.

CJA Plan § 6, ¶ 4.

There is insufficient information before the Court to determine, *inter alia*, whether Miller ever requested in writing that McCoy file a petition for a writ of certiorari on Miller's behalf. In light of the Fifth Circuit's permission to allow Miller to proceed in this matter, the Court concludes that it should hold an evidentiary hearing and receive evidence concerning the communication between Miller and her appellate counsel concerning a petition for writ of certiorari to the Supreme Court.

Accordingly, it is **ORDERED**:

1. That an evidentiary hearing will be set by further order of the Court, to resolve the issue discussed above; and

2. That the Magistrate Judge in this case is hereby directed to appoint counsel for Miller under Rule 8(c) of the Rules Governing Section 2255 Proceedings and in accordance with 18 U.S.C. § 3006A(a)(2)(B).

**THIS** the 3rd day of March, 2016.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**